## Musser *versus* Ferguson Township.

1. A veteran re-enlisted in consideration of the benefits offered by Congress, and was afterwards credited to a township. *Held*, that there was no implied promise to pay him for the benefit to the township from his re-enlistment.

2. A moral obligation is a sufficient consideration for an express promise, but is not a legal consideration from which a promise will be implied.

3. The Act of March 25th 1864, § 12, authorizes payment of bounties to veterans only when the public authorities have undertaken to pay bounties to volunteers from the same localities.

4. The suit having been brought before the Act of May 1st 1866, that act is not applicable to it.

May 27th 1867. Before THOMPSON, READ and AGNEW, JJ. WOODWARD, C. J., and STRONG, J. absent.

Error to the Court of Common Pleas of *Centre county*.

This was an action of assumpsit brought August 16th 1865, by William H. Musser against the School District of Ferguson township, to recover a bounty as a re-enlisted veteran volunteer. The plaintiff originally volunteered in Ferguson township, and served in a company in the 45th Regiment of Pennsylvania Volunteers. In 1863 a draft was made. Then two calls, amounting to 500,000 men, were made. Early in 1864, the two calls of 500,000 men, having come close to each other, the quota to the several localities was assigned in both together. Afterwards there was an order to consolidate the draft of 1863 with the other calls, which made in all 700,000 men, and to credit the township with what had been done under the draft of 1863. Under the consolidated quota, there were 59 men assigned to Ferguson township. A meeting of the citizens of the township was held about February 1864 (at which some or all of the school directors were present as individuals), in relation to raising money to pay bounties. The understanding was at the meeting that an act would be procured authorizing a tax to refund the money advanced for that purpose. There had been 19 re-enlistments of veterans into the United States service, which about the 15th of April 1864, were credited to Ferguson township; of these the plaintiff was one. A meeting of the citizens of the township was held in August or September 1864, at which it was submitted to a vote whether a tax should be raised to pay the bounties; the vote was in favor of laying the tax. The school directors by resolution in due form offered a bounty of $300, and, at the same time, they resolved to lay a tax, for the purpose of paying the notes given to raise money to procure volunteers the previous spring. The tax was afterwards assessed and collected by the school directors.

The court (Linn, P. J.) charged :—

" Now, under the evidence in the cause, the substance of which

[Musser *v.* Ferguson Township.]

I have stated, the plaintiff claims to recover bounty under the 12th section of the Act of 25th of March 1864, Pamph. L. 90. In this we instruct you he must fail, because although he did originally volunteer in Ferguson township, and it would seem was credited, on the draft mentioned in the act referred to, as a veteran volunteer, to Ferguson township, yet it is not in evidence, that any bounty was offered or paid, under the provisions of the act, to volunteers from that locality to fill the quota for that draft; and the facts relied on by counsel for plaintiff, that a public meeting of the citizens was held, to take measures to fill the quota, at which some of the school directors were present, that funds were subscribed and raised upon loan to pay volunteers, with the expectation that a tax would be laid in future to refund the sums, so raised, to the contributors; and that with the moneys so raised, twenty-seven volunteers were procured and mustered in, to fill the quota of the township, do not vary the case so as to bring it within the provisions of the act. It does not in our opinion, make out a case for a recovery of even the minimum sum paid for volunteers in 1864.

"The plaintiff's counsel further contend, that although no offer of bounty was made by the local authorities to fill the quota assigned to the township upon the previous draft, yet an offer was afterwards made to fill the quota under the call for 500,000 men, and that the plaintiff is not restricted to an offer made to fill the quota under previous calls, but may claim the $300, offered in the summer of 1864 for volunteers. We cannot accept this as a reasonable interpretation of the statute and must therefore instruct you, that under the provisions of the Act of 1864 the plaintiff cannot recover in this action.

"But plaintiff asks us to instruct you, that although he may not have shown a claim which will entitle him to recover under the Act of 1864, still he is entitled to receive the sum of $300, under the 1st section of the Act of 1st May 1866, Pamph. L. 114, providing for the payment of bounty to veteran volunteers. To this the defendant replies, that the present action having been brought in 1865, and there being at that time no cause of action, the case cannot be helped out by a subsequent statute. We think this objection is well founded.

"Upon the whole, the plaintiff not having in any aspect in which the case can be viewed, shown a right to receive bounty in this action, under either of the statutes relied upon, it is your duty to render a verdict for the defendant."

The verdict was for the defendant, and upon the removal of the case to the Supreme Court by the plaintiff, the charge of the court was assigned for error.

*McAllister & Beaver*, for plaintiff in error, cited Acts of 25th

[Musser v. Ferguson Township.]

March 1864, Pamph. L. 90, and 1st May 1866, Pamph L. 114; Hepburn v. Curts, 7 Watts 300 ; Schenley v. The Commonwealth, 12 Casey 56 ; Thomas v. Leland, 24 Wend. 65 ; Speer v. School Directors of Blairsville, 14 Wright 157.

*J. H. Orris* and *C. T. Alexander*, for defendant in error, cited the same Acts of Assembly as plaintiff in error ; Dewart v. Purdy, 5 Casey 113 ; Ogle v. The Turnpike Co., 13 S. & R. 256 ; Bedford v. Shilling, 4 Id. 401 ; Underwood v. Lilly, 10 Id. 97 ; Tate v. Stooltzfoos, 16 Id. 35 ; Bleakney v. The Bank, 17 Id. 64 ; Mercer v. Watson, 1 Watts 330 ; Braddee v. Brownfield, 2 W. & S. 271 ; Evans v. Montgomery, 4 Id. 218 ; Hinkle v. Riffert, 6 Barr 196 ; Biddle v. Starr, 9 Id. 461 ; Turnpike Co. v. The Commonwealth, 2 Watts 433 ; Estep v. Hutchman, 14 S. & R. 435 ; Bambaugh v. Bambaugh, 11 Id. 191 ; Smith v. Merchand, 7 Id. 260 ; Gault's Appeal, 9 Casey 94 ; Hepburn v. Curts, 7 Watts 300 ; Schenley v. The Commonwealth, 12 Casey 58 ; Austin v. The Trustee, 1 Yeates 260 ; Lambertson v. Hogan, 2 Barr 22 ; Rogers v. Smith, 4 Id. 93 ; Bolton v. Johns. 5 Id. 145 ; Fenelon's Petition, 7 Id. 173 ; Dale v. Medcalf, 9 Id. 108 ; McCarty v. Hoffman, 11 Harris 507 ; Reiser v. The William Tell Saving Fund, 3 Wright 137 ; Killam v. Killam, Id. 120 ; Menges v. Dentler, 9 Casey 495 ; Speer v. Blairsville, 14 Wright 157 ; Sharpless v. Mayor of Philadelphia, 9 Harris 165 ; Barnet v. Barnet, 15 S. & R. 72.

The opinion of the court was delivered, July 3d 1867, by

AGNEW, J.—The distinguishing feature of this case is, that Musser, a volunteer in actual military service of the United States —a veteran as the term was—re-enlisted into the same service under no promise, law or inducement of the state of Pennsylvania, or of any of its municipalities, but in consideration solely of the benefits offered to him under the Acts of Congress. It is true, that finally he was credited to Ferguson township—in other words, under the succeeding draft, one man less in number of the *quota* assigned to that township was to be drawn for military service. Ferguson township was relieved to this extent of the military burden, and of course was benefited. But this was a consequence of the operation of the Federal laws, and not of an act done by Musser in consideration of any offer or promise under the state law. There was no duty arising under any state provision, and consequently no promise can be implied to pay him for the benefit to the township arising out of his enlistment. If any moral obligation to compensate him grew out of the fact of the credit obtained through his re-enlistment, it never has been recognised by taking any municipal action upon it. A moral obligation has been held to be a sufficient consideration to support an express

promise to pay, but is not a legal consideration from which the law itself will imply a promise. This case does not fall within the principle ruled in Weister *v.* Antrim Township, decided at Harrisburg last year: 2 P. F. Smith 474. There the school directors, acting under the General Bounty Law of 1864, had proceeded to levy a tax to pay $300, the *maximum* bounty under that law, and found that volunteers could not be procured for less than $500. The citizens failing to raise the excess by voluntary subscriptions, it was contributed upon an assurance that a law would be procured to authorize its repayment. This law was obtained, and the school directors, recognising the obligation, proceeded to collect a tax to refund the money. After the tax had been about half collected, the attempt was made to restrain the school directors, and we held that the moral obligation to refund under these circumstances was sufficient to justify the legislative act.

The proceeding there was against the public authorities who were proceeding to execute the law. Here the public authorities never acted upon or recognised the supposed obligation, and the assumpsit is founded upon an alleged legal duty; but as we have seen, none had arisen and the action must fail. The 12th section of the Act of 25th March 1864, relating to the payment of bounties to veterans, is not applicable. It authorizes payment only when the public authorities have undertaken to pay bounties to volunteers from the same locality. The entire frame of the act is permeated with the condition that the title to bounties rests upon the understanding or agreement of the public authorities to pay them. We have decided in an opinion just read in the case of The School Directors of West Donegal Township *v.* T. G. Old-weiler (ante p. 257), from Lancaster county, that the local authorities cannot be compelled to levy and collect a tax to pay money raised by citizens to pay bounties where there has been no understanding with the authorities that the money should be refunded. The Act of 1866 is not applicable, it having been passed long after the institution of the suit.

The judgment is therefore affirmed.